1    SHANNON LISS-RIORDAN, *pro hac vice* anticipated
     sliss@llrlaw.com
2    JILL KAHN, *pro hac vice* anticipated
     jkahn@llrlaw.com
3    LICHTEN & LISS-RIORDAN, P.C.
     729 Boylston Street, Suite 2000
4    Boston, MA 02116
     Telephone:    (617) 994-5800
5    Facsimile:    (617) 994-5801

6    MICHAEL FREEDMAN (SBN 262850)
     mfreedman@llrlaw.com
7    LICHTEN & LISS-RIORDAN, P.C.
     466 Geary Street, Suite 201
8    San Francisco, CA 94102
     Telephone:    (415) 630-2651

9

10               **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

13    NADEZHDA ROSEN and LA'DELL BREWSTER,
     individually and on behalf of all others similarly
14    situated,

15             Plaintiffs,            **CLASS ACTION COMPLAINT**

16          v.

17    CAVIAR, INC. d/b/a TRY CAVIAR,

18          Defendant.

19

20

21

22

23

24

25

26

27

28

I.      **INTRODUCTION**

1.      This case is brought by Plaintiffs—Nadezhda Rosen and La'Dell Brewster ("Plaintiffs")—on behalf of individuals who have worked for Caviar Inc. d/b/a Try Caviar ("Try Caviar") as food delivery couriers in the United States. Try Caviar is a company that provides food delivery services for restaurants. Try Caviar's couriers, including Plaintiffs, are scheduled and dispatched through Try Caviar's mobile phone application and its website to deliver food orders from restaurants to customers at their homes and businesses.

2.      As described further below, Try Caviar misclassifies Plaintiffs and all couriers as independent contractors. In so doing, Try Caviar violates various wage and hour laws, including: (1) California Labor Code § 2802 and California Business & Professions Code § 17200 et seq. by requiring couriers to pay various necessary business expenses that California law requires employers to pay; and (2) California Labor Code § 226(a) by failing to provide itemized wage statements. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of a nationwide class of Try Caviar couriers, seek restitution of all business expenses, including gas, car maintenance, and cell phone costs, incurred in the last three years that, pursuant to Labor Code § 2802, should have been borne by Try Caviar. Plaintiffs also seek to represent a class of California couriers seeking reimbursement of business expenses pursuant to Cal. Bus. & Prof. Code § 17200 et seq. and statutory fines for failures to provide itemized wage statements.

II.     **PARTIES**

3.      Plaintiff Nadezhda Rosen is an adult resident of Sausalito, California, where she worked as a Caviar courier from December 2015 to February 2016.

4.      Plaintiff La'Dell Brewster is an adult resident of San Francisco, California. He has worked as a Caviar courier since September 2014.

5.      Defendant Caviar, Inc. d/b/a Try Caviar ("Try Caviar") is a Delaware corporation with its principal place of business in San Francisco, California.

III.   **JURISDICTION**

6.      This court has jurisdiction over plaintiff's California state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

7.      At least one member of the proposed nationwide class is a citizen of a state different from that of at least one defendant. Plaintiffs' claims involve matters of national or interstate interest. Citizenship of the members of the proposed nationwide class is dispersed among a number of states.

8.      Venue is proper in this district under 28 U.S.C. § 1391.

IV.   **STATEMENT OF FACTS**

9.      Try Caviar is a San Francisco-based food delivery service, which provides food delivery services in cities throughout the country via an on demand dispatch system.

10.     Try Caviar offers customers the ability to request a courier to deliver food using Try Caviar's mobile phone application or online through Try Caviar's website.

11.     Try Caviar's website advertises, "Only premium food and premium delivery" and encourages drivers to "Join Caviar's Courier Team and earn up to $25/hour on a flexible schedule." Furthermore, Try Caviar's website describes itself as "a service that provides food delivery from local restaurants to homes and offices."

12.     Currently, couriers receive a fee for each delivery that is based on the amount of time the delivery is expected to take plus any gratuities added by the customer. Previously, couriers received a fee for each delivery plus a portion of the cost of the food delivered and any gratuities added by the customer.

13.     Try Caviar classifies all of its food delivery couriers as independent contractors.

14.     Although classified as independent contractors, Try Caviar couriers are employees. They are required to follow detailed requirements imposed on them by Try Caviar (including requirements regarding the accurateness of their deliveries, how they interact with customers, etc.) and they are subject to termination based on their failure to adhere to these requirements or in the discretion of Try Caviar. Try Caviar has unfettered control to terminate couriers for any reason or no reason at all.

15.     In addition, Try Caviar is in the business of providing food delivery services to customers, and that is the very service that the couriers provide. The couriers' services are fully integrated into Try Caviar's business, and without the couriers, Try Caviar's business would not exist.

16.     Based on their misclassification as independent contractors, Try Caviar has required couriers to bear many of the expenses of their employment, including expenses for their vehicle, gas, and other expenses.

17.     Pursuant to a contract that all couriers enter into with Try Caviar, California law applies to claims brought by couriers against the company.

**V.      NATIONAL CLASS ALLEGATIONS**

18.     Plaintiffs brings Count I of this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Try Caviar couriers across the United States who provided food delivery services for Try Caviar during the past three years.

19.     Plaintiffs and other class members have uniformly been deprived reimbursement of their necessary business expenditures.

20.     The members of the class are so numerous that joinder of all class members is impracticable.

21.     Common questions of law and fact regarding Try Caviar's conduct in classifying couriers as independent contractors and failing to reimburse them for business expenditures exist as to all members of the class and predominate over any questions affecting any individual members of the class. Among the questions of law and fact common to the class are:

    a.  Whether class members have been required to follow uniform procedures and policies regarding their work for Try Caviar;

    b.  Whether the work performed by class members—providing food delivery services to customers—is within Try Caviar's usual course of business, and whether such service is fully integrated into Try Caviar's business;

    c.  Whether these class members have been required to bear the expenses of their employment, such as expenses for vehicles, gas, bikes, and other expenses; and

    d.  Whether class members are employees of Try Caviar.

22.     Plaintiffs are members of the class, who suffered damages as a result of Defendant's conduct and actions alleged herein.

23.     Plaintiffs' claims are typical of the claims of the class, and they have the same interests as the other members of the class.

24.     Plaintiffs will fairly and adequately represent and protect the interests of the class. They have retained able counsel experienced in class action litigation. Plaintiffs' interests are coincident with, and not antagonistic to, the interests of the other class members.

25.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VI.     CALIFORNIA CLASS ALLEGATIONS

27.     Plaintiffs brings Counts II and III of this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Try Caviar couriers who provided food delivery services for Try Caviar in California for the past four years.

28.     Plaintiffs and all California class members have not received proper itemized wage statements from Defendant and have been deprived reimbursement of their necessary business expenditures.

29.     The members of the class are so numerous that joinder of all class members is impracticable.

30.     Common questions of law and fact regarding Try Caviar's conduct in classifying couriers as independent contractors and failing to provide itemized wage statements, as well as failing to reimburse

them for business expenditures, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

      a.   Whether class members have been required to follow uniform procedures and policies regarding their work for Try Caviar;

      b.   Whether the work performed by class members—providing food delivery services to customers—is within Try Caviar's usual course of business, and whether such service is fully integrated into Try Caviar's business;

      c.   Whether these class members have been required to bear the expenses of their employment, such as expenses for vehicles, gas, bikes, and other expenses;

      d.   Whether Try Caviar has provided California couriers with itemized wage statements; and

      e.   Whether class members are employees of Try Caviar.

31.    Plaintiffs are class members, who suffered damages as a result of Defendant's conduct and actions alleged herein.

32.    Plaintiffs' claims are typical of the claims of the class, and they have the same interests as the other members of the class.

33.    Plaintiffs will fairly and adequately represent and protect the interests of the class. They have retained able counsel experienced in class action litigation. Plaintiffs' interests are coincident with, and not antagonistic to, the interests of the other class members.

34.    The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

35.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate

the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I

### Violation of Cal. Lab. Code § 2802

36. Defendant's conduct, as set forth above, in misclassifying Try Caviar couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by Defendant, constitutes a violation of California Labor Code § 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked as couriers for Try Caviar in the United States.

## COUNT II

### Violation of Cal. Bus. & Prof. Code §17200, et seq.

37. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code § 2802. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that couriers were required to pay that should have been borne by Try Caviar. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action. This claim is brought on behalf of a class of similarly situated individuals who have worked as couriers for Try Caviar in California.

## COUNT III

### Violation of Cal. Lab. Code § 226(a)

38. Defendant's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a). This claim is brought on behalf of a class of similarly situated individuals who worked as couriers for Try Caviar in California.

//

//

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter the following relief:

a. Certify a national class action under Count I, pursuant to Rule 23(b)(2) and (3) and appoint Plaintiffs Nadezhda Rosen and La'Dell Brewster and their counsel to represent the class;

b. Certify a class of all California Try Caviar couriers under Counts II and III, pursuant to Rule 23(b)(2) and (3) and appoint Plaintiffs Nadezhda Rosen and La'Dell Brewster and their counsel to represent the class;

c. Declare and find that the Defendant violated Cal. Lab. Code §§ 2802 and 226(a) and Cal. Bus. & Prof. Code §17200, <u>et seq.</u> by failing to reimburse the expenses of Plaintiffs and the class and failing to provide itemized wage statements;

d. Award compensatory damages, including all expenses owed, in an amount according to proof;

e. Award all costs and attorney's fees incurred prosecuting this claim;

f. Interest and costs;

g. Injunctive relief in the form of an order directing Defendant to comply with the California Labor Code;

//
//
//
//
//
//
//
//
//
//

CLASS ACTION COMPLAINT

1

      h.   Such other relief as in law or equity may pertain.

2

3

      Respectfully submitted,

4

      NADEZHDA ROSEN and LA'DELL BREWSTER,
individually and on behalf of all others similarly situated,

5

6

Dated: August 29, 2016      By their attorneys,

7

    _/s/ Michael Freedman_____

8

9

    Michael Freedman (SBN 262850)
mfreedman@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.

10

466 Geary Street, Suite 201
San Francisco, CA 94102

11

Telephone:   (415) 630-2651

12

    Shannon Liss-Riordan, *pro hac vice* anticipated
Jill Kahn, *pro hac vice* anticipated

13

sliss@llrlaw.com, jkahn@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.

14

729 Boylston Street, Suite 2000
Boston, MA 02116

15

Telephone: (617) 994-5800

16

17

18

19

20

21

22

23

24

25

26

27

28